**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ALLEN PULLEN,

    Plaintiff,

v.                                                          Case No. 3:19-cv-243-J-32MCR

H. WILLIAMS, et al.,

    Defendants.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, Allen Pullen, an inmate of the Florida penal system, initiated this case by filing a pro se Civil Rights Complaint (Doc. 1) (Complaint). He also filed a request to proceed as a pauper (Doc. 2). Plaintiff names as Defendants H. Williams, library supervisor at Raiford Correctional Institution; L. Thompson, grievance coordinator; Warden Barry Reddish; and Secretary Julie Jones. See Doc. 1.

According to Plaintiff, Defendant Williams overcharged him $9.00 for service copies that he needed for his pending civil rights case in case number 3:18-cv-1274-J-39MCR. Id. at 6. Plaintiff states that he filed a grievance requesting that Defendants return his $9; however, Defendants denied the grievance, advising plaintiff that he was "actually undercharged for [his] copies." Doc. 1-1. In his Complaint, Plaintiff raises one claim for relief alleging that Defendants deprived him of personal property without due process in violation of the Fourteenth Amendment. Doc. 1 at 3. He requests $9.00 in compensatory damages; $1,000 in punitive damages; and recovery of all costs for legal copies and postage incurred since November 27, 2018. Id. at 7.

The Prison Litigation Reform Act requires the Court to dismiss a case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). The Court liberally construes the pro se plaintiff's allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011).

"A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing Battle v. Central State Hosp., 898 F.2d 126, 129 (11th Cir. 1990)). A complaint filed in forma pauperis which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" Bilal, 251 F.3d at 1349 (quoting Neitzke, 490 U.S. at 328). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Id.

With respect to whether a complaint "fails to state a claim on which relief may be granted," § 1915(e)(2)(B)(ii) mirrors the language of Federal Rule of Civil Procedure 12(b)(6), so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th

Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. Id. (quotations, alteration, and citation omitted). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him of a right secured under the Constitution or laws of the United States. See Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992). Moreover, "conclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts will not prevent dismissal." Rehberger v. Henry Cty., Ga., 577 F. App'x 937, 938 (11th Cir. 2014) (per curiam) (quotations and citation omitted). In the absence of a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against a defendant.

To the extent that Plaintiff alleges that Defendants violated his Fourteenth Amendment rights by depriving him of personal property, the Due Process Clause is not offended when a state employee intentionally deprives a prisoner of his property as long as the State provides him with a meaningful post-deprivation remedy. See

3

Hudson v. Palmer, 468 U.S. 517, 533 (1984); Jackson v. Hill, 569 F. App'x 697, 698 (11th Cir. 2014); Taylor v. McSwain, 335 F. App'x 32, 34 (11th Cir. 2009) ("Regarding deprivation of property, a state employee's unauthorized intentional deprivation of an inmate's property does not violate due process under the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."). Plaintiff has an available, adequate post-deprivation remedy under state law. "Under Florida law, [a plaintiff] can sue the officers for the conversion of his personal property." Jackson, 569 F. App'x at 698 (citing Case v. Eslinger, 555 F.3d 1317, 1331 (11th Cir. 2009)).

To the extent Plaintiff's Complaint can be construed as raising an allegation that Defendant Williams' act of overcharging Plaintiff for copies was "retaliatory," see Doc. 1 at 5, he fails to sufficient allege such a claim. Notably, Plaintiff fails to allege a causal connection between his pending civil rights case and Defendant Williams' alleged action. See Smith v. Mosley, 532 F.3d 1270, 1276 (11th Cir. 2008) (noting that the third element of a retaliation claim is "a causal relationship between the retaliatory action and the protected speech."); see also Williams v. Brown, 347 F. App'x 429, 435 (11th Cir. 2009) (per curiam) (finding conclusory allegations insufficient but a chronology of events that can be used to infer retaliatory intent sufficient to state a claim).

Further, to the extent Plaintiff is attempting to hold Defendants Reddish, Thompson, and Jones liable for failing to correct Defendant Williams' miscalculation based on the theory of respondeat superior, the Eleventh Circuit has rejected this theory of liability in § 1983 cases. See Keith v. DeKalb Cty., Ga., 749 F.3d 1034, 1047

(11th Cir. 2014) (citing Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003)). see also Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010) (affirming the district court's dismissal of the secretary of the FDOC because the plaintiff failed to allege that the secretary personally participated in an action that caused the plaintiff injury or that the plaintiff's "injuries were the result of an official policy that [the secretary] established"). Moreover, simply responding to a grievance does not, in and of itself, make an individual liable for an alleged constitutional violation. See Jones v. Eckloff, No. 2:12-cv-375-FtM-29DNF, 2013 WL 6231181, at *4 (M.D. Fla. Dec. 2, 2013) (unpublished) ("[F]iling a grievance with a supervisory person does not automatically make the supervisor liable for the allegedly unconstitutional conduct brought to light by the grievance, even when the grievance is denied." (collecting cases)); see also Gallagher v. Shelton, 587 F.3d 1063, 1069 (10th Cir. 2009) ("[D]enial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." (citations omitted)). Thus, these claims against these Defendants are due to be dismissed.

Accordingly, it is

**ORDERED AND ADJUDGED**:

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 1st day of March, 2019.

*/s/ Timothy J. Corrigan*

TIMOTHY J. CORRIGAN
United States District Judge

Jax-7

C: Allen Pullen, #M37913